**Ferdinand Lazo TAPURO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75218.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Withdrawn from Submission Nov. 24, 2006.

Resubmitted Jan. 16, 2007.

Filed Feb. 8, 2007.

Gary G. Singh, Esq., Law Office of Gary G. Singh, Honolulu, HI, Ramon J. Ferrer, Esq., Kahului, HI, for Petitioner.

HI–District Counsel, Office of the District Counsel, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Washington, DC, Fred B. Westfall, Jr., Esq., Philip H. Wright, USCH—Office of the U.S. Attorney, Southern District of West Virginia, Charleston, WV, for Respondent.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Ferdinand Lazo Tapuro ("Tapuro"), a native and citizen of the Philippines, is married to a United States citizen. He is

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the father of two small children who are also United States citizens, and cares for a third son, his wife's child from a previous relationship, whom he treats as his own child. Tapuro, according to his employers, is a "model employee," who is a "valuable part of [his employer's] company," as well as a "good father." Tapuro's income supplements his wife's part time work, allowing her to attend college classes. He has never been arrested or convicted in the United States or the Philippines.

The government does not dispute Tapuro's work and criminal history, familial obligations, or the characterization of his employers. It does, however, contend that Tapuro is removable as determined by the Immigration Judge ("IJ") and upheld by the Board of Immigration Appeals ("BIA"). Given our limited role of review, we must agree.

Tapuro, when asked by a psychologist in the Philippines, admitted to using "shabu" (methamphetamine) and marijuana a few times a year during college at parties when his friends gave him the substances. Tapuro, when asked by the Department of Homeland Security ("DHS") official (in violation of *Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1217 (9th Cir.2002)), again truthfully admitted to use of the substances and stated that his last use was in 1998. After conceding substance abuse and removability in the ensuing removal proceedings and being found removable, Tapuro moved to reopen the removal proceedings. The IJ denied Tapuro's motion to reopen, and the BIA affirmed.

We cannot conclude that the BIA abused its discretion in affirming the IJ's denial of Tapuro's motion to reopen. Tapuro is not eligible for relief because of his admission to using the controlled substances. 8 U.S.C. § 1255(a) (requiring prima facie eligibility for relief to grant motion to reopen); 8 U.S.C. §§ 1182(a)(2)(A)(i)(II) & (h) (precluding admissibility and waiver of inadmissibility for controlled substances offenses other than those involving "30 grams or less of marijuana"). Because Tapuro failed to appeal his underlying order of removal and to raise his arguments before the BIA, we may not consider his challenges to the admissibility of his statements to the DHS official and Philippine psychologist. 8 U.S.C. § 1252(b)(1) (2005); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

We do not have discretion to determine which cases should be prosecuted or pursued, and we may only correct errors preserved and presented to our court.

Petition DENIED.